NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO N.C. and E.C.

No. 1 CA-JV 23-0213
FILED 06-27-2024

---

Appeal from the Superior Court in Maricopa County
No. JS519859
The Honorable Wendy S. Morton, Judge, *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Stephanie I., Scottsdale
*Appellant*

Mathers Law Offices, LLC, Scottsdale
By Christopher Mathers
*Advisory Counsel for Appellant*

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellee Robert C.*

_____

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Anni Hill Foster and Vice Chief Judge Randall M. Howe joined.

_____

**F U R U Y A**, Judge:

**¶1**         Stephanie I. ("Mother") appeals the juvenile court's order granting Robert C.'s ("Father") petition to terminate her parental rights. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**         Mother and Father are divorced and have two children, N.C. and E.C. Mother has a history of alcohol and substance abuse. In 2019, Mother and Father entered a parenting plan whereby Mother's parenting time was conditioned on her sobriety. In 2020, Mother was arrested, and later convicted, for driving under the influence ("DUI"). Mother was arrested in the presence of E.C. Following that incident, Father filed a petition to modify child custody, which resulted in the court ordering Mother's parenting time be supervised and weekly drug testing for Mother.

**¶3**         Mother participated in supervised parenting time until February 2021 when N.C. found an empty wine bottle in her home, after which Father discontinued Mother's parenting time per the parenting plan. Later that year, Mother was arrested and convicted of another DUI. In May 2021, Father petitioned to terminate Mother's parental rights pursuant to Arizona Revised Statute ("A.R.S.") § 8-533, alleging prolonged substance abuse and mental illness. In December 2022, the superior court denied Father's petition.

**¶4**         Later that month, Father initiated the current matter by filing a new petition. Father once again sought to terminate Mother's parental rights, this time alleging abandonment. The court granted Father's petition and terminated Mother's parental rights, finding that Father proved abandonment and that termination was in the children's best interests.

**¶5**         We have jurisdiction over Mother's timely appeal under Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

**DISCUSSION**

¶6        On appeal, Mother asserts the court: (1) violated the principle of res judicata by allowing Father's petition to proceed despite a previous adverse ruling; and (2) erred in terminating her parental rights.[1]

**I.        Res Judicata Does Not Preclude Father's Petition.**

¶7        Mother argues res judicata, now known as claim preclusion, bars Father's petition because the court previously denied a petition to terminate her parental rights.

¶8        We review de novo the applicability of claim preclusion. *Lawrence T. v. Dep't of Child Safety*, 246 Ariz. 260, 262 ¶ 7 (App. 2019). A party asserting claim preclusion must establish: (1) the claims of the prior and current litigation are identical; (2) the court entered a final judgment on the merits in the prior litigation; and (3) the parties in the two suits are identical. *Id.* at 263 ¶ 8. However, the application of claim preclusion is limited in proceedings to terminate parental rights because constraining our courts for the sake of judicial economy must not imperil a child's best interests. *Id.* at ¶ 9.

¶9        Mother's argument fails because Father's current petition is distinct from his prior one. We apply the "same evidence" test in determining whether claims are identical, barring subsequent litigation when "no additional evidence is needed to prevail in the second action than that needed in the first." *Id.* at 265 ¶ 17.

¶10        Here, the court relied substantially on evidence not presented in the prior proceeding to determine abandonment. Specifically, the court considered evidence of Mother's failures to support the children financially for over three years and maintain normal relationships with them for at least two years. While it is true the court considered evidence of Mother's alcohol and substance abuse in both proceedings, it did so in the prior proceeding as its own ground for termination. By contrast, the court in this proceeding discussed such evidence to refute Mother's claims that Father interfered with her relationship with the children; the parenting time agreement was conditioned upon her sobriety. Further, the court's use of

---

[1]        Mother also asserts her due process rights have been violated and a previous family court order is invalid. In doing so, she provides no citations to the record nor to legal authority as required. *See* ARCAP 13(a)(7); *Melissa W. v. Dep't of Child Safety*, 238 Ariz. 115, 117–18 ¶ 9 (App. 2015). As such, she has waived these arguments and we do not address them further.

Mother's alcohol abuse was to address the children's best interests and its detrimental effects to them. Unlike in the prior litigation, the court in the current proceeding did not consider any evidence pertaining to Mother's mental health. Thus, the claims here are not identical to Father's previous petition and claim preclusion does not apply.

## II. The Court Did Not Err in Finding Abandonment.

¶11 Mother argues the court erred in finding abandonment, alleging various deficiencies in the evidence as well as asserting Father interfered with her attempts to maintain a relationship with the children. When reviewing the court's order terminating parental rights, we review the court's factual findings and accept them if they are supported by reasonable evidence and inferences. *Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 478 ¶ 30 (2023). "[W]e do not reweigh evidence because the court is 'in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts.'" *Jessie D. v. Dep't of Child Safety*, 251 Ariz. 574, 582 ¶ 23 (2021) (quoting *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334 ¶ 4 (App. 2004).

¶12 As noted above, the court found abandonment based on Mother's failures to pay child support and maintain a normal parental relationship with the children. In addressing Mother's failure to pay child support, the court considered Father's testimony that Mother had not paid child support since 2021. The court also noted Mother's inconsistent testimony that she was unaware of her child support obligation, despite her prior petition to modify that very duty.

¶13 In addressing Mother's failure to maintain a normal parental relationship, the court considered three social studies completed by a social worker. These studies, contrary to Mother's assertions, do not emphasize Mother's alcohol and substance abuse struggles, but rather focus on Mother's lack of contact with the children. With regards to N.C., the court found Mother had not maintained regular contact with him in 36 months, with no contact in 2022. Mother likewise did not contact E.C. in 2022. But, during the current proceedings, Mother contacted E.C. to arrange a secret, unsupervised visit in violation of a previous court order. Mother also tried to enlist E.C. in falsifying evidence for the social study, asked E.C. to spy on Father and N.C., and disparaged Father and E.C.'s stepmother. The court found these contacts insufficient to constitute regular parental contact.

¶14 The court also addressed Mother's claim that Father interfered with her attempts at maintaining a normal parental relationship

with the children. The court explained that Father's discontinuation of Mother's parenting time was consistent with the parenting plan that Mother agreed to. The court also noted that Father did not interfere with Mother's ability to contact the children via phone or text message and only limited E.C.'s use of her phone as a consequence for inappropriate behavior, not contact with Mother.

**¶15**     The court reiterated these findings in discussing the children's best interests. It found termination benefited the children because of the stability Father and his wife provided, as well as the children's wish for the latter to adopt them. Conversely, the court found that preserving Mother's parental rights would be detrimental to the children because of her struggles with alcohol and substance abuse, her manipulative behavior during litigation, and her unsupervised meeting with E.C. in violation of the court order.

**¶16**     Accordingly, because the court's findings of abandonment and best interests pursuant to A.R.S. §§ 8-533(B) and (B)(1) are supported by reasonable evidence and inferences, we conclude the court did not err. *See Brionna J.*, 255 Ariz. at 478 ¶ 30.

## CONCLUSION

**¶17**     We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AGFV